UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE HOLLINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV1205 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on George Hollins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1]. For the reasons set forth below, the motion will be denied.

**I.    Background**

On January 29, 2003, an indictment was filed against Hollins in the Eastern District of Missouri charging him in Count I with the offense of Felon in Possession of a Firearm in violation 18 U.S.C. § 922(g)(1), in Count II with the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), in Count III with the offense of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), and in Count IV with the offense of Possession of a Firearm with a Removed, Altered, or Obliterated Serial Number in violation of 18 U.S.C. § 922(g)(1). On February 11, 2003, Hollins entered a plea of not guilty to all four counts of the Indictment.

On February 14, 2003, Assistant Federal Public Defender Brian Witherspoon entered his appearance on Hollins' behalf. On March 4, 2003, Hollins filed a document with the Court waiving the right to file pretrial motions. On March 5, 2005, Magistrate Judge Audrey Fleissig

held a hearing on Hollins' waiver of the right to file pretrial motions. Hollins was represented by counsel at the hearing. At the conclusion of the hearing, Magistrate Judge Fleissig found that the waiver was knowing and voluntary.

On March 20, 2005, I scheduled a change of plea hearing for April 3, 2005. On April 2, 2003, Brian Witherspoon moved to withdraw as counsel for Hollins. And on April 3, 2003, attorney Steven Dyer entered his appearance on Hollins' behalf. In light of the change of counsel, Hollins filed a waiver of speedy trial. The change of plea hearing was rescheduled for June 9, 2003.

On June 9, 2003, Hollins entered into a plea agreement with the Government in which he agreed to enter a plea of guilty to Count II of the Indictment, in exchange for which the Government agreed to move for the dismissal of Counts I, III, and IV at or near the time of sentencing. Under the terms of the plea agreement, Hollins agreed to waive all rights to appeal non-jurisdictional issues. He specifically agreed to waive his right to appeal:

> any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, and whatever sentence is imposed; any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court . . .

Additionally, under the terms of the plea agreement, Hollins "agree[d] to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [§ 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel."

On June 9, 2003, Hollins pled guilty to Count II of the Indictment. Hollins was represented by Steven Dyer at the plea hearing.

On August 29, 2003, I entered a Judgment against Hollins and sentenced him to 180

months imprisonment and 5 years of supervised release. Hollins did not file an appeal.

On or about August 27, 2004, Hollins placed his § 2255 motion into the prison's mailing system. His initial motion was returned because he mailed it to the wrong address. It was returned to him and he resent the motion on September 1, 2004.

On November 10, 2004, the Government filed its response to Hollins' § 2255 motion. And on February 22, 2005, Hollins filed a traverse.

## II. Grounds for Relief

In his § 2255 motion, Hollins raises five grounds for relief:

(1) His plea was involuntary or unlawfully induced because his attorney, Steven Dyer, promised him he would receive a sentence of no greater than eight years imprisonment;

(2) His attorney, Brian Witherspoon, coerced him into waiving the filing of pretrial motions, and attorney Witherspoon should have known that he was suffering from mental illness that prevented him from understanding the consequences of the waiver;

(3) His attorney, Brian Witherspoon, was ineffective for advising him to waive the right to file pretrial motions;

(4) His attorney, Steven Dyer, was ineffective for failing to file a Notice of Appeal from the conviction and sentence;

(5) He was deprived of his rights to due process, equal protection, and a fair trial when the Court sentenced him to five years of supervised release.

## III. Analysis

*A. An Evidentiary Hearing is not Warranted Because Hollins Either Waived his Right to § 2255 Relief or his Grounds for Relief are Vague, Conclusory, or Incredible*

An evidentiary hearing need not be held if Hollins' "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than

statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Hollins allegations do not rise to the level that would require the Court to hold an evidentiary hearing.

     *B.     The Motion was Timely Filed*

Under § 2255, there is a one year period of limitation during which a prisoner can file the motion. In this case, because Hollins did not file an appeal, the one year period began to run on "the date on which the judgment of conviction bec[ame] final," *i.e.*, August 29, 2003. Under Rule 3(d) of the Rules on Motion Attacking Sentence Under Section 2255, "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."

The Government takes the position that Hollins' motion is untimely because it was "filed" on September 3, 2004, *i.e.*, the date it was received by the Clerk's office. However, the Government's position ignores the language of Rule 3(d) of the Rules on Motion Attacking Sentence Under Section 2255. According to Rule 3(d), Hollins' § 2255 motion is timely if it was placed into the prison's internal mailing system by August 29, 2004.

The record reflects that Hollins placed his motion into the prison's mailing system twice. He originally mailed it on or before August 27, 2004, to an incorrect address.[1] When the motion was returned to him, he placed it in the mailing system again on September 1, 2004.

Rule 3(d) is silent on the issue of whether a § 2255 motion is timely filed when it is mailed more than once due to an inmate originally mailing it to an incorrect address. In this case, I will

---

[1] He originally mailed it to the building in which the Federal Public Defender's office is located.

use the date on which Hollins first placed his § 2255 motion into the prison's mailing service, August 27, 2004, to determine its timeliness under Rule 3(d). As a result, I find that the motion is timely, and I will address the merits of the motion.

    *C.*    *Hollins Waived his Right to Attack His Sentence in a § 2255 Motion Except for Ineffective Assistance of Counsel or Prosecutorial Misconduct*

Because he waived his right to attack his sentence under the terms of the plea agreement, Hollins is not entitled to relief on Grounds two[2] or five[3]. I will, however, address ground one (that his guilty plea was involuntary) and grounds three and four (raising ineffective assistance of counsel).

    *D.*    *Hollins' Claim that his Plea was Involuntary and Unlawfully Induced is Refuted by the Record*

Hollins claims that his plea was involuntary and unlawfully induced because attorney Dyer promised him he would receive a sentence of eight years imprisonment. However, this claim is clearly refuted by the record. During the plea hearing, I informed Hollins no less than three times that the minimum sentence he could receive would be fifteen years imprisonment. Transcript, Change of Plea Hearing, June 9, 2003, at 14, 15, 20. He repeatedly stated that he understood that he was facing no less than fifteen years imprisonment. Additionally, at the sentencing hearing

---

[2]Even if he had not waived his right to attack his sentence on this point, I would not find that Hollins is entitled to relief on this ground because the claim is vague and conclusory and refuted by the record. Hollins repeatedly denied, under oath, that he had any mental illnesses that would impair his ability to understand his actions.

[3]Even if he had not waived his right to attack his sentence on this point, I would not find that Hollins is entitled to relief on this ground because Hollins misstates the law. Hollins claims that the offense of Felon in Possession is a Class C felony violation with a maximum term of supervised release of three years. However, the maximum sentence Hollins was subject to was life imprisonment, which is classified as a Class A felony under 18 U.S.C. § 3559(a)(1). Under U.S.C. § 3583(b)(1), the maximum term of supervised release for a Class A felony is five years.

Hollins testified that he had no objection to the Presentence Report, which stated that Hollins should be sentenced within the range of 180 to 210 months. As a result, I find that Hollins has not shown that his guilty plea was unknowing and involuntary, and his request for relief on this ground will be denied.

> E. *Hollins has not Shown that Attorney Witherspoon was Ineffective for Advising him to Waive the Filing of Pretrial Motions*

In his § 2255 motion, Hollins asserts that Witherspoon was ineffective because he should have known that Hollins had a mental illness that prevented him from understanding the rights he was waiving. Hollins' claim, however, is refuted by the record. Magistrate Judge Fleissig held a hearing in which she found Hollins to be competent to waive his right to file pretrial motions. Additionally, at the plea hearing I asked Hollins numerous questions about his medical and psychiatric history. Hollins stated, under oath, that he had no chronic illnesses, that he took no prescription medicines, that he was not prescribed any medicines that he was not taking, and that he had never been under the care of a psychiatrist.

Additionally, Hollins has not asserted that his pretrial motions had any merit. Without such an assertion he has failed to claim that he was prejudiced by Witherspoon's allegedly deficient performance. As a result, Hollins' request for relief on this ground will be denied.

> F. *Hollins has not Shown that Attorney Dyer was Ineffective for Failing to File an Appeal*

Under the terms of the plea agreement, Hollins agreed to waive his right to appeal:

> any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, and whatever sentence is imposed; any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court . . .

As a general rule, appeal waivers are enforced in the Eighth Circuit. <u>United States v. Andis</u>, 333 F.3d 886, 889 (8th Cir. 2003). I find that Dyers could not have been deficient for failing to file an appeal where Hollins waived his right to appeal. Furthermore, because Hollins has not alleged that the appellate court could have found that his case fell within the narrow "illegal sentence" exception to the general enforceability of appeal waivers, he has not alleged that he was prejudiced by Dyer's allegedly deficient performance. As a result, Hollins' request for relief on this ground will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of George Hollins to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Hollins has not made a substantial showing of the denial of a federal constitutional right.

Dated this <u>2nd</u> Day of August, 2005.

                                                                   RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE